UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


| | |
|---|---|
| MARK ELLIOT KEY ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 2:12-0006 |
| ] | Judge Trauger |
| UNITED STATES OF AMERICA ] | |
|     Respondent. ] | |


### **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Lisbon, Ohio. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

In January, 2009, pursuant to a plea agreement, the petitioner pled guilty to being a convicted felon in possession of a firearm. <u>United States of America v. Mark Elliot Key</u>, Criminal No. 2:08-00003 (M.D. Tenn.), at Docket Entry No.28. For this crime, he received a sentence of sixty (60) months in prison, to be followed by three years of supervised release. The federal sentence would run concurrent to two state sentences the petitioner was then serving. *Id.*, at Docket Entry No.29.

Having pled guilty, there was no direct appeal of the conviction taken by the petitioner. On January 17, 2012, the

1

petitioner filed the instant § 2255 motion (Docket Entry No.1). In the motion, the petitioner alleges (1) that the Government has failed to comply with the plea agreement in that the Bureau of Prisons only calculated a portion of his federal sentence to run concurrent with his state sentences, and (2) that his attorney has been ineffective for failing to object to a letter authored by a Probation Officer at the request of the Court in which it was determined that the petitioner's sentence had been properly calculated by the Bureau of Prisons. In short, the petitioner believes that he is entitled to a credit as part of his concurrent federal sentence for time he served from the date of his arrest, December 2, 2007, until the date that he was sentenced in federal court, January 26, 2009, a period of thirteen (13) months and twenty four (24) days. Docket Entry No.1 at pg.4.

After a preliminary review of the motion, an order (Docket Entry No.3) was entered directing the United States Attorney for this judicial district to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules - - § 2255 Cases.

Presently pending before the Court is the Government's Response (Docket Entry No.6) to the petitioner's motion. Upon consideration of this pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively

shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the motion as the law and justice require. Rule 8(a), Rules - - - § 2255 Cases.

28 U.S.C. § 2255 provides a prisoner with the vehicle to collaterally challenge the imposition of a federal sentence on constitutional or statutory grounds. In this instance, the petitioner does not question the legality of his conviction or sentence. Rather, he is attacking the execution or manner in which he is being forced to serve his federal sentence. More specifically, he claims that he is entitled to thirteen (13) months and twenty four (24) days of additional credit towards the service of that sentence.

After a defendant has been sentenced, the Attorney General of the United States, through the Bureau of Prisons, bears the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a). To satisfy this obligation, the Bureau of Prisons must know how much of the sentence the defendant actually has left to serve. Because the defendant may have a right to certain credits against his sentence under § 3585(b), and because a district court cannot accurately determine at sentencing what, if any, credits apply, the Attorney General has no choice but to make the determination as an administrative matter at the time the defendant is remanded to federal custody for service of sentence.

The Bureau of Prisons has developed detailed procedures and

guidelines for determining the credit available to prisoners in its care. A prisoner seeking credit against his federal sentence must first be placed in federal custody for service of that sentence, at which time the Bureau of Prisons will calculate what credits the prisoner has earned against his sentence. If the prisoner believes that the calculation made by the Bureau of Prisons is in error, he must then exhaust the administrative remedies provided for by federal regulation. *See* 28 CFR §§ 542.10 - 542.16 (1990). Only then can the prisoner seek relief in a district court. <u>United States v. Wilson</u>, 112 S.Ct. 1351, 1355 (1992).

A challenge to the execution of a sentence, rather than its imposition, is properly raised in a petition for relief under 28 U.S.C. § 2241. <u>United States v. Peterman</u>, 249 F.3d 458,461 (6th Cir.2001). Such a petition must be filed in the judicial district where the petitioner is being confined, after he has fully exhausted his administrative remedies available through the Bureau of Prisons. <u>In re Gregory</u>, 181 F.3d 713 (6th Cir. 1999).

Because the petitioner is not challenging the imposition of his sentence, he has failed to state a claim for § 2255 relief. The petitioner is not being confined in this judicial district. Nor has the petitioner alleged that he has exhausted all administrative remedies available to him. Therefore, it would not be appropriate for the Court to construe the instant action as one brought pursuant to 28 U.S.C. § 2241. Accordingly, petitioner's motion

4

lacks merit and shall be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge