UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


| | |
|---|---|
| **MARK ELLIOT KEY** ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 2:12-0006 |
| ] | Judge Trauger |
| **UNITED STATES OF AMERICA** ] | |
|     Respondent. ] | |


### O R D E R

On March 1, 2012, an order (Docket Entry No.9) was entered denying the petitioner's *pro se* § 2255 Motion to Vacate, Set Aside or Correct Sentence.

Since the entry of this order, the petitioner has filed a Motion for Reconsideration (Docket Entry No.13). For the reasons set forth below, the Motion for Reconsideration lacks merit and is hereby DENIED.

In October, 2008, the petitioner entered into a plea agreement with the Government. Part of that plea agreement included a promise that the Government would recommend that petitioner's sentence be run concurrently with two state convictions. The Government made the promised recommendation and the Court ordered that the petitioner's sixty (60) month federal sentence run concurrently with the state sentences.

The petitioner does not agree with the manner in which his

sentence has been calculated. In his § 2255 Motion, he stated "The Federal Bureau of Prisons however, in breach of the United States' plea agreement obligations, refused to run the federal and State Sentences concurrent, providing Petitioner with only credit for jail time in the State of Tennessee after the Federal Sentencing Date, citing that the time had already been credited against the Tennessee sentence. 18 U.S.C. § 3585(b)". Docket Entry No.1 at pg.2, ¶ 9. The petitioner asserted a right to thirteen (13) months and twenty four (24) days of credit toward the reduction of his sentence. *Id.* at pg.4.

Upon review of the § 2255 Motion, the Court concluded that the petitioner was, in fact, challenging the execution rather than the imposition of his sentence. Such a claim is more properly raised in a motion under 28 U.S.C. § 2241. As a consequence, the petitioner's § 2255 Motion was denied and this action was dismissed.

In his Motion for Reconsideration, the petitioner contends that he has raised claims appropriate for a § 2255 Motion. More specifically, he alleges that the Government breached its plea agreement. The petitioner further claims that he was denied the effective assistance of counsel when his attorney failed to object to a letter from a Probation Officer sent to the Court more than two years after sentence had been imposed upon him.

The Government did not breach the plea agreement. The Government has no role in determining what credit the petitioner will receive towards his sentence. That question falls within the


province of the Bureau of Prisons. Nor was counsel ineffective because he neglected to object to a letter authored by a Probation Officer at the request of the Court two years after the petitioner's conviction. Each of petitioner's claims arose from the calculation of the time he has to serve in federal prison rather than whether his conviction and sentence were appropriate in the first place. Accordingly, the petitioner's § 2255 Motion was not denied in error.

    It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge